**BETHMAR INDUSTRIAL CORPORATION, an Illinois corporation, Plaintiff,**

v.

**CENTURY HARDWARE CORPORATION, a Wisconsin corporation, Defendant.**

No. 71–C–610.

United States District Court, E. D. Wisconsin.

Aug. 15, 1974.

See also D.C., 338 F.Supp. 733, D.C., 54 F.R.D. 515.

Reinhart, Boerner, Van Deuren & Norris by Paul V. Lucke and William R. Steinmetz, Milwaukee, Wis., for plaintiff.

Grodin & Strnad by Burton A. Strnad, Milwaukee, Wis., for defendant.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff seeks the production of certain business records as well as the recovery of the expenses incurred in prosecuting this motion.

The complaint charges in part that, since September, 1970, the defendant has broken its agreement not to compete with the plaintiff by engaging in the sale of production fasteners or bulk fasteners to customers of the plaintiff and others. The requested inspection relates to various books, records, invoices and "computer runs." The latter summarize the defendant's total sales during 1971 to 38 designated customers, including sales of the relevant categories of fasteners. In addition, the plaintiff seeks "all books and records referred to in paragraphs 109, 116 and 117 of defendant's Supplemental Answers to Plaintiff's Interrogatories." Those paragraphs pertain to the same type of information, but the customers involved are not specified; the period covered includes September 24, 1970, to the present.

In a decision and order dated November 20, 1973, I denied an earlier motion by the plaintiffs to compel discovery. I concluded that:

"[n]ot only has the defendant permitted a previous examination of its records by the plaintiff, but also it is clear that the defendant does not categorize its records under the caption of 'fasteners.' If the plaintiff were to request production of invoices as to any designated customers whose records it has not already examined, the court would be inclined to compel such production . . . ."

The plaintiff claims that while it has had access to certain of the defendant's records in the past, "that opportunity for inspection was limited to defendant's records relating to *purchases* of fasteners and, with only a small exception, did not relate generally to defendant's *sales* of fasteners." (emphasis supplied). This distinction is critical.

It is clear that the information contained in the various documents whose production is sought is relevant to the charges contained in that part of this complaint which alleges the breach of the agreement not to compete. Moreover, the plaintiff agrees that a protective order should issue which is addressed to the defendant's claim that the information in question constitutes a trade secret. Finally, to the extent that any of the discovery sought to be compelled may be repetitious—and the distinction between the *purchase* nature of the records previously inspected as opposed to the *sales* nature of the records now sought

satisfies me that the duplication is minimal—there is no indication that its further production would constitute harassment or undue hardship sufficient to warrant denial of such discovery.

Therefore, it is ordered that the plaintiff's motion pursuant to Rule 37(a), Federal Rules of Civil Procedure, for an order directing the defendant to produce for inspection and copying by the plaintiff the documents designated in the plaintiff's second request to produce under Rule 34, dated January 23, 1974, be and hereby is granted.

It is also ordered that the plaintiff's motion for an order directing the defendant to pay the plaintiff's expenses, including attorneys' fees, incurred in obtaining this order, be and hereby is denied.

It is further ordered that the plaintiff and its counsel be and hereby are ordered to limit the disclosure of the information and documents or copies thereof which are the subject of this order to those of its personnel with whom it is necessary for such counsel to confer in order to prepare its case in this action.